IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR HERRERA, # R-50827, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-570-JPG |
| ) | |
| RICKY HARRINGTON, ) | |
| MAJOR HASEMEYER, ) | |
| and UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving a 50-year sentence for murder. He claims that he was assaulted by several correctional officers, then placed in a cell for two days without food.

More specifically, Plaintiff claims that on February 5, 2013, he was attending a chapel service with about 68 other inmates when an altercation broke out between another inmate and an officer (Doc. 1, p. 5). Plaintiff was not involved in the dispute. When security staff arrived, the four Unknown Defendants (John Does #1-4) approached Plaintiff while screaming racial slurs. They proceeded to grab him, and punched and kicked him in the head and body. Plaintiff was then lined up against a wall with several other Hispanic inmates who had been beaten by other staff.

Defendants Harrington (warden) and Hasemeyer (major) arrived. Defendant Harrington

asked whether the group of inmates including Plaintiff were "the gang banging punks who assaulted my staff" (Doc. 1, p. 5).  Defendant Hasemeyer said, "Yes[,] these are the wetback punks." *Id*.  Defendant Harrington then told Defendant Hasemeyer and John Does #1-4 to "roughem up boys [sic]." *Id*.  Defendant Hasemeyer and John Does #2 and #3 resumed the beating, punching and kicking Plaintiff almost to the point of unconsciousness.

After the beating, Plaintiff was given brief medical attention, then placed into a "stripped" cell for two days.  During his time in the stripped cell, he was given no food at all and had no toilet paper.  He overheard Defendant Harrington tell Defendant Hasemeyer to lock him and the other inmates up and "don't give them a f**ing thing," because he was going to get rid of them (Doc. 1, p. 5).  At the end of the two days, Plaintiff was transferred to Lawrence.  Plaintiff suffers from continued pain in his neck and back as a result of the attack.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Harrington, Hasemeyer, and John Does #1-#4 for excessive force **(Count 1)**, and Defendants Harrington and Hasemeyer for confining him in unconstitutional conditions (two days in the stripped cell without food or hygiene supplies) **(Count 2)**.  These Eighth Amendment claims shall receive further review.  Additionally, the allegations describe a Fourteenth Amendment equal protection claim, for the apparent targeted beating of Plaintiff due to his Hispanic ethnicity, against Defendants Hasemeyer and John Does #1-#4 **(Count 3)**.  This claim shall also be considered further.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**. However, as noted below, no service can be ordered on the Unknown Defendants until such time as Plaintiff identifies them by name.

**Disposition**

The Clerk of Court shall prepare for Defendants **HARRINGTON** and **HASEMEYER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 15, 2013**

                                        s/J. Phil Gilbert
                                        **United States District Judge**