IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SALVADOR HERRERA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00570-SMY-PMF |
| | ) |
| **RICKY HARRINGTON, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is the Partial Motion for Summary Judgment, filed by Defendants Ricky Harrington, Major Hasemeyer, Jacqueline Lashbrook, Christopher Bradley, Steven Richard, Minh Scott, Roger Pelker, Samuel Cushman, Rebecca Cowan, Darl Prange, Douglas Campbell, Keith Benefield, Aaron Runge, Patrick Severs, and Cierra Simpson (Doc. 89). Plaintiff Salvador Herrera is proceeding under 42 U.S.C. § 1983 on claims challenging the conditions of his former confinement at Menard Correctional Center. The Amended Complaint raises these claims for relief:

> Count 1: excessive use of force by Hasemeyer, Scott, Cushman, Pelker, Benefield, Campbell, Runge, Prange, Severs, Cowan, Bradley, and Richard on February 5, 2013;
>
> Count2: failure to intervene/protect by Harrington, Simpson, Lashbrook, Hasemeyer, Scott, Cushman, Pelker, Benefield, Campbell, Runge, Prange, Severs, Cowan, Bradley, and Richard; and
>
> Count 3: exposure to cruel and unusual punishment through harsh conditions in a strip cell by Harrington and Hasemeyer.

The motion is opposed in part (Doc. 92).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ.

P. 56(a).  The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

### I. Counts 1 and 2

Defendants Lashbrook, Bradley, Richard, Cowan, Prange, Campbell, Benefield, Runge, Severs and Simpson seek dismissal or judgment in their favor on these two Counts, asserting that Herrera's allegations do not show their personal responsibility for a constitutional deprivation. Herrera agrees in part, suggesting that defendants Cowan, Campbell and Severs are not proper parties (Doc. No. 92).

To the extent the remaining defendants seek an order dismissing the Amended Complaint, the motion is undeveloped as the request is not accompanied by a discussion of the legal standard applicable to a motion to dismiss a pro se pleading (Doc. No. 90).  To the extent these defendants seek judgment in their favor, the materials submitted indicate that Herrera can present admissible facts that would support a finding in his favor as to the issue of personal responsibility.  On summary judgment, facts verified in Herrera's Amended Complaint are considered as evidence.  *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996).  Additionally, Plaintiff's allegations are supported by the affidavit of inmate Perez-Gonzalez.  This witness can link the defendants to the harmful conduct described in the Amended Complaint.  *See Chavez v. Illinois State Police*, 251 F.3d 612, 651-653 (7th Cir. 2001).

### Count 3

Defendants Harrington and Hasemeyer seek judgment in their favor on Herrera's claim regarding the harsh conditions experienced in the strip cell.  Herrera does not oppose this request.  On review of the information provided, the Court is satisfied that Harrington and Hasemeyer are entitled to judgment in their favor on Count 3, for the reasons given in their brief.

## II. Equal Protection

Defendants also seek judgment in their favor on an equal protection claim. While Herrera's original pleading was construed as asserting an equal protection claim, the Amended Complaint omits that claim. The operative pleading asserts only violations of the Eighth Amendment (Doc. No. 36). This argument is moot.

## III. Qualified Immunity

The defendants seek qualified immunity as to Herrera's Eighth Amendment and Equal Protection claims. In light of the rulings made above, the Court restricts its focus to Plaintiff's Eighth Amendment excessive force claim. In considering whether a defendant is entitled to qualified immunity on Counts 1 and 2, the Court considers (1) whether the defendant violated plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Upon consideration of the evidence and the reasonable inferences, the Court agrees with the plaintiff that his Eighth Amendment right to be free from cruel and unusual punishment includes a right to be free from or protected from a series of gratuitous beatings, and further, that this right was well established in February, 2013. The qualified immunity defense is rejected.

## IV. Conclusion

Defendants' motion to dismiss or for summary judgment (Doc. No. 89) is **GRANTED in part and DENIED in part**. At the conclusion of this case, judgment will be entered against Plaintiff Salvador Herrera and in favor of Defendants Rebecca Cowan, Douglas Campbell and Patrick Severs on Counts 1 and 2, and against Plaintiff Salvador Herrera and in favor of Defendants Ricky Harrington and Major Hasemeyer on Count 3. The motion is denied in all other respects.

**IT IS SO ORDERED.**

**DATED: February 26, 2016 .**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **UNITED STATES DISTRICT JUDGE**