IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR HERRERA,<br><br>    Plaintiff,<br><br>vs.<br><br>RICKY DEFENDANTS ET AL.,<br><br>    Defendants. | Case No. 13-CV-570-SMY-PMF |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Pending before the Court are motions *in limine* filed by Defendants (Doc. 125). Plaintiff Salvador Herrera filed a response (Doc. 129). The motions were addressed during the Final Pretrial Conference on August 10, 2016, and the Court made its ruling regarding motions in limine 1-4 on the record and took motion in limine #5 under advisement.

  The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984) ("[A]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996)).

  Motions *in limine* also may save the parties time, effort, and cost in preparing and

presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter a ruling *in limine* based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, rulings *in limine* are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

- Defendants' Motion *In Limine* No. 1 – Defendants move to bar Herrera from offering any testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. Herrera does not object. Accordingly, Defendants' motion is **GRANTED**.

- Defendants' Motion *In Limine* No. 2 – Defendants move to bar Herrera's grievances and responses to grievances as inadmissible hearsay. Defendants' motion offers the Court very little detail as far as to what the grievances actually contain or how Defendants anticipate their use. For these reasons, the Court **RESERVES** ruling on this motion *in limine*. The Court requests that prior to eliciting any testimony regarding any grievances, the subject matter or contents of any grievances, or any documentation of any grievances, that Herrera notify the Court so that it can address the admissibility of the grievances in advance so as to determine if, for example, an offer of proof is necessary.

- Defendants' Motion *In Limine* No. 3 – Defendants move that Herrera be barred from testifying regarding the causation of any medical or mental health conditions. The Court **GRANTS** Defendants' motion to the extent that Herrera is not personally qualified to provide medical expert testimony as to diagnoses, causation or prognosis. Herrera, however, is permitted to testify as to the nature of his pain and other symptoms following the incident in question.

- Defendants' Motion *In Limine* No. 4 – Defendants move to bar Herrera from offering statements of any medical or mental health professionals. The Court **GRANTS** Defendants' motion to the extent that Herrera is not qualified to offer testimony regarding any statements made by any treating medical professionals other than what is documented in the medical records admitted into evidence.

- Defendants' Motion *In Limine* No. 5 – Defendants move to bar Herrera from presenting evidence that contradicts the findings of the Prison Disciplinary Board (hereinafter "the Board"). The Court **GRANTS** Defendants' motion *in limine* to the extent that if Herrera testifies that he did not assault or did not participate in the assault of the officers on the date of the incident, the Court will issue appropriate *Gilbert* instructions because Herrera pled guilty to the Board's findings that Herrera rushed at least two officers and assaulted Officer Dobbs. Otherwise, the Court will not issue *Gilbert* instructions because "*Heck* and *Edwards* do not affect litigation about what happens after a crime is completed." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008).

**IT IS SO ORDERED.**

**DATED: August 18, 2016**

/s/ Staci M. Yandle
**STACI M. YANDLE**
UNITED STATES DISTRICT JUDGE